IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONTANA BELL**, *et al.*, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 24-4203 |
| | : | |
| **LAWRENCE KRASNER**, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

**MURPHY, J.**                                                                                                              **August 27, 2024**

      Currently before the Court is a Complaint filed by Plaintiffs Montana Bell, Angel Maldonado, and Malik Collins—all of whom are prisoners incarcerated at facilities within the Pennsylvania Department of Corrections—against Philadelphia District Attorney Lawrence Krasner, the City of Philadelphia, and Pennsylvania Attorney General Michelle Henry. (DI 1.) Plaintiffs purport to be bringing a class action, pursuant to 42 U.S.C. § 1983, based on allegations that exculpatory evidence was withheld from them in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), in connection with an alleged long-standing practice causing unconstitutional conviction and imprisonment in Philadelphia.[1] For the following reasons, the Court will dismiss the Complaint in its entirety pursuant to 28 U.S.C. §§ 1915A(b)(1)-(2) because it seeks monetary relief from an immune defendant and for failure to state a claim.

---

[1] *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. at 87.

I.      **FACTUAL ALLEGATIONS**[2]

The Plaintiffs allege that they are all incarcerated pursuant to convictions allegedly procured in violation of their due process rights due to a "systemic" practice withholding of exculpatory evidence by the Philadelphia District Attorney's Office ("DAO"), which they claim Krasner, the City, and Henry have failed to correct despite the ability to do so. (Compl. at 1-3.) In particular, Plaintiffs contend that they were convicted a result of the DAO's failure to disclose "problems in police officers' pasts that might raise questions about their honesty and integrity as investigators and witnesses." (*Id.* at 5 (capitalization cleaned up).) They also claim to have found evidence of other judicial and prosecutorial improprieties in their convictions following a review of their criminal case files and an investigation. (*Id.* at 6.)

Plaintiffs filed the instant lawsuit based on these allegations seeking damages and declaratory and injunctive relief to "stop the constitutional violations described [in the Complaint] and to ensure that the Plaintiffs receive new trials/new process and/or dismissal of their convictions." (*Id.* at 9 (capitalization cleaned up); *see also id.* at 1 (claiming that plaintiffs are entitled to "a new process/new trial, full-discovery packets, district attorney's office (DAO) files and police files, which equates to full transparency, effective assistance of counsel, and private investigators . . . to repair and possibly cure the defects sustained and endured by the plaintiffs, through-out their arbitrary convictions and detainment; or complete dismissal of convictions from Brady errors") (capitalization cleaned up); *id.* at 6 ("The only cure that will

---

[2] The following allegations are taken from the Complaint and publicly available dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

begin to right this wrong is complete dismissal of the plaintiffs convictions.") (capitalization cleaned up).) The convictions challenged by each Plaintiff are set forth in more detail below.

### A. Bell

Mr. Bell contends that "misconduct" affected eleven criminal proceedings that led to his conviction in the Philadelphia Court of Common Pleas, specifically, *Commonwealth v. Bell*, CP-51-CR-0012776-2011; CP-51-CR-0012761-2011; CP-51-CR-0001453-2012; CP-51-CR-0001454-2012; CP-51-CR-0001455-2012; CP-51-CR-0001456-2012; CP-51-CR-0001457-2012; CP-51-CR-0001458-2012; CP-51-CR-0001459-2012; CP-51-CR-0001460-2012; and CP-51-CR-0001461-2012 (C.P. Phila.). (Compl. at 6.)

Mr. Bell was first convicted on June 21, 2013, in *Commonwealth v. Bell*, CP-51-CR-0012776-2011 (C.P. Phila.), "of one count of third degree murder, one count of Violating the Uniform Firearms Act ('VUFA'), and one count of possession of an instrument of crime ('PIC')." *Commonwealth v. Bell*, No. 2836 EDA 2013, 2014 WL 10558245, at *1 (Pa. Super. Ct. Nov. 26, 2014). He was then sentenced to several terms of imprisonment, and his judgment of sentence was affirmed on appeal. *Id.* at *1, *3. Mr. Bell's petition for post-conviction relief was initially dismissed as untimely. *Commonwealth v. Bell*, No. 3407 EDA 2018, 2019 WL 6048896, at *2 (Pa. Super. Ct. Nov. 15, 2019). On appeal, the Pennsylvania Superior Court vacated and remanded the matter for an evidentiary hearing as to whether Mr. Bell satisfied the "newly discovered facts exception to the timeliness requirements" as to his claim that counsel had abandoned him by failing to file a request for leave to appeal to the Pennsylvania Supreme Court. *Id.* at *3, *5-6. In contrast, the Superior Court affirmed the dismissal of Mr. Bell's other post-conviction claims, including his claim essentially based on impeachment evidence, *i.e.*, that a police officer who interviewed a Commonwealth witness "was later found to be corrupt and

3

was disciplined for his actions." *Id.* at *4. The remanded claim is currently pending before the Philadelphia Court of Common Pleas. *Bell*, CP-51-CR-0012776-2011.

In the meantime, Mr. Bell entered into a "negotiated guilty plea [on April 9, 2014], in [his other ten criminal] cases, to attempted murder, aggravated assault, and numerous other offenses" and was sentenced to a term of 15 to 30 years of imprisonment." *Commonwealth v. Bell*, No. 1255 EDA 2017, 2019 WL 5595839, at *1 (Pa. Super. Ct. Oct. 30, 2019).[3] Mr. Bell did not file an appeal, and the docket for his criminal cases reflect that his numerous petitions for post-conviction relief have thus far been unsuccessful. Mr. Bell recently filed a *habeas* petition in this Court, which challenges the constitutionality of his plea on several grounds and is currently pending. *Bell v. Terra*, No. 24-658 (E.D. Pa. Feb. 12, 2024) (petition)

**B. Maldonado**

Mr. Maldonado claims that his convictions in *Commonwealth v. Maldonado*, CP-51-CR-11234-2007 (C.P. Phila.) and CP-51-CR-0011255-2007 (C.P. Phila.) were procured as a result of "misconduct." (Compl. at 7.) In these criminal cases, Mr. Maldonado "was convicted of two counts of first-degree murder, and one count each of attempted murder, aggravated assault, possession of a firearm prohibited, firearms not to be carried without a license, and possession of an instrument of crime, and sentenced to an aggregate term of life imprisonment." *Commonwealth v. Maldonado*, 292 A.3d 1111, 2023 WL 333721, at *1 (Pa. Super. Ct.), *appeal denied*, 300 A.3d 1007 (Pa. 2023), and *cert. denied sub nom. Maldonado v. Pennsylvania*, 144 S. Ct. 246 (2023). Mr. Maldonado's appeal and efforts to seek post-conviction relief in state court

---

[3] Although the cited opinion of the Pennsylvania Superior Court only lists six of Mr. Bell's cases, a review of the dockets for all the cases confirms that the remaining ten were all resolved by negotiated guilty plea on April 9, 2014.

were unsuccessful. *Id.* at *3, *12.  He currently has a *habeas* petition pending in this Court, which is partially based on claims that his conviction was procured in violation of *Brady* and for which he has been appointed counsel.  *See Maldonado v. Walker*, Civ. A. No. 23-2850 (E.D. Pa. filed July 24, 2023).

### C. Collins

Like Mr. Bell and Mr. Maldonado, Mr. Collins claims that "misconduct" infected criminal proceedings that resulted in his conviction in the Philadelphia Court of Common Pleas, specifically, *Commonwealth v. Collins*, CP-51-CR-0011195-2007; CP-51-CR-0005027-2007; CP-51-CR-0005028-2007; CP-51-CR-0005885-2007; CP-51-CR-0004480-2007; CP-51-CR-0004481-2007; and CP-51-CR-0015549-2010 (C.P. Phila.).  (Compl. at 7.)

On October 24, 2008, Mr. Collins was convicted of murder, attempted murder, and related charges in *Commonwealth v. Collins*, CP-51-CR-0005027-2007, CP-51-CR-0005028-2007, and CP-51-CR-0005885-2007 (C.P. Phila.), and was sentenced to several terms of imprisonment.  His judgment of sentence was affirmed on appeal.  *Commonwealth v. Collins*, 19 A.3d 1049 (Pa. 2011).  After a somewhat protracted history, his first post-conviction is currently pending the Court of Common Pleas.  *See Commonwealth v. Collins*, 311 A.3d 622, 2023 WL 9018317, at *1 (Pa. Super. Ct. 2023).  Mr. Collins was also convicted on October 24, 2008, of murder and related charges in *Commonwealth v. Collins*, CP-51-CR-0011195-2007 (C.P. Phila.) and sentenced to imprisonment.  The docket for that case reflects that Mr. Collins's attempts to challenge his conviction on appeal and through post-conviction petitions have thus far been unsuccessful.  Additionally, in 2016, Mr. Collins filed a *habeas* petition in this Court seeking to challenge his 2008 convictions, but he failed to respond to a court order so his case was dismissed without prejudice.  *Collins v. Overmeyer*, No. 16-5457 (E.D. Pa. Mar. 6, 2017).

5

In the meantime, on August 24, 2011, Mr. Collins was found guilty in *Commonwealth v. Collins*, CP-51-CR-0004480-2007 and CP-51-CR-0004481-2007 (C.P. Phila.), of "two counts of murder of the first degree (H-1), criminal conspiracy (F-1), and possessing instruments of crime (PIC) (M-1)" and was later sentenced to multiple terms of imprisonment. *See Commonwealth v. Collins*, 256 A.3d 11, 2021 WL 1822822, at *2 (Pa. Super. Ct. 2021). His judgment of sentence was affirmed on direct appeal and his post-conviction petition was unsuccessful. *Id.* at *2, *5. Mr. Collins filed a *habeas* petition challenging these convictions, and a Report and Recommendation recently issued recommending denial of relief. *Collins v. Dist. Att'y of the Cnty. of Phila.*, No. 22-3548 (E.D. Pa. May 31, 2024) (report and recommendation).

In November 2012,[4] Mr. Collins was convicted of murder and related offenses in CP-51-CR-0015549-2010 (C.P. Phila.) and sentenced to a term of imprisonment. *Commonwealth v. Collins*, 309 A.3d 1060, 2023 WL 8057919, *1 (Pa. Super. Ct. 2023). His direct appeal and two petitions for post-conviction relief were unsuccessful. *Id.*

## II.    STANDARD OF REVIEW

A district court may screen a complaint filed by a prisoner pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) prior to addressing matters related to payment of the filing fee. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*). This approach "permits courts to move early to screen complaints in order to conserve judicial resources." *Id.* Here, the Court concludes that it would be more efficient to screen Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915A(b)(1) prior to addressing their failure to either pay the fees to commence this civil action or seek leave to proceed *in forma pauperis*.

---

[4] The cited opinion incorrectly lists the year of conviction as 2011.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, No. 22-2846, 2024 WL 3820969 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Plaintiffs are proceeding *pro se*, the Court construes their allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Furthermore, a Court must dismiss any claims that seek "monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

### III.     DISCUSSION

Initially, Plaintiffs' claims for damages against Krasner based on his alleged supervisory decisions that impacted the DAO's refusal to vacate their convictions are barred by absolute prosecutorial immunity.  Prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  "[W]hether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation."  *Yarris v. Cty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006).  District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 346-49 (2009) (concluding that a supervisory prosecutors' decisions that "concern how and when to make impeachment information available at a trial . . . are directly connected with a prosecutor's basic trial advocacy duties" and are entitled to immunity).  Since Plaintiffs' claims are based on Krasner's alleged failure—presumably during post-conviction and/or *habeas* proceedings—to correct the *Brady* and/or other constitutional violations allegedly caused during Plaintiffs' prosecutions by his office, those claims are barred by absolute prosecutorial immunity and must be dismissed.  *See Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020) (prosecutors were entitled to immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial"); *Yarris*, 465 F.3d at 137 (absolute prosecutorial immunity extends to conduct during post-conviction proceedings).

Plaintiffs' remaining claims are not plausible because they are not cognizable in a § 1983 action. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' —the validity of the continued conviction or the fact or length of the sentence—[the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

A corollary of this principle is that a § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*,

9

512 U.S. at 487. In this context, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983." *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

Plaintiffs' claims are wholly premised on allegations that exculpatory evidence has been withheld from them pursuant to a long-standing policy of the DAO, and that the Defendants have refused to release them from their convictions and imprisonment despite their unjust convictions. These are precisely the type of allegations that would invalidate a conviction and necessarily imply its invalidity. *See Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."); *Heck,* 512 U.S. at 479, 490 (claim that prosecutors and an investigator had "'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'" cannot be maintained under § 1983); *Podlucky v. Comm'r of Internal Revenue*, No. 21-2794, 2022 WL 1301391, at *1 (3d Cir. May 2, 2022) (agreeing that *Brady* claims were *Heck*-barred). If Plaintiffs seek to challenge their convictions in federal court, they are limited to filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or, if they have already filed such a petition, pursuing their claims in their *habeas* cases. They may not, however, seek release from conviction and imprisonment and related damages, or any other relief, based on the alleged unconstitutionality of their convictions while those convictions remain intact.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will dismiss Plaintiffs' Complaint pursuant to 28 U.S.C. §§ 1915A(b)(1)-(2) as barred in part by absolute prosecutorial immunity and because their claims are not cognizable in a civil action due to their outstanding convictions.[5] The

---

[5] In light of the dismissal of Plaintiffs' claims, the Court need not consider the propriety of any class action claims. The Court notes, however, that *pro se* litigants who are not attorneys may not pursue claims on behalf of others, including by way of a class action. *See Hagan v.*

10

Plaintiffs' damages claims against Krasner are dismissed with prejudice. The remainder of their claims are dismissed without prejudice to Plaintiffs' ability to challenge their convictions in a *habeas* proceeding or by filing a new civil rights complaint *only* in the event the convictions at issue in this case are first reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

---

*Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) (noting that "*pro se* litigants are generally not appropriate as class representatives"); *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) (*per curiam*) ("Lewis, who is proceeding *pro se,* may not represent a putative class of prisoners.").